IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SIMON, | No. 2:16-cv-1100-CMK-P |
| Petitioner, | |
| vs. | ORDER |
| STU SHERMAN, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. Pending before the court is petitioner's request for leave to proceed in forma pauperis (Doc. 3), and petitioner's petition for a writ of habeas corpus (Doc. 1).

Petitioner has submitted the affidavit required by 28 U.S.C. § 1915(a) showing that petitioner is unable to prepay fees and costs or give security therefor. His request will therefore be granted.

/ / /

/ / /

1         Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In the instant case, it is plain that petitioner is not entitled to federal habeas relief. This is petitioner's second petition for a writ of habeas corpus filed in this court, challenging the same conviction.

        Under 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive habeas corpus application . . . that was presented in a prior application shall be dismissed." Under § 2244(b)(2), "[a] claim presented in a second or successive habeas corpus application . . . that was not presented in a prior application shall be dismissed . . ." unless one of two circumstances exist. Either the newly raised claim must rely on a new rule of constitutional law, or the factual predicate of the new claim could not have been discovered earlier through the exercise of due diligence and the new claim, if proven, establishes actual innocence. See id. Before a second or successive petition potentially permissible under § 2244(b)(2) can be filed, the petitioner must first obtain leave of the Court of Appeals. See 28 U.S.C. § 2244(b)(3). In the absence of proper authorization from the Court of Appeals, the district court lacks jurisdiction to consider a second or successive petition and must dismiss it. See Cooper v. Calderon, 274 F.3d 1270 (9th Cir. 2001) (per curiam).

        A second petition can only be successive of a prior petition which has been decided on the merits. Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008). Where a prior petition has been dismissed without prejudice for failure to exhaust state court remedies, the dismissal does not result in an adjudication on the merits and a habeas petition filed in the district court after the initial petition was dismissed is not second or successive. See Slack v. McDaniel, 529 U.S. 473, 485-86 (2000). However, a dismissal on statute of limitations grounds "renders subsequent petitions second or successive for purposes of the AEDPA, 28 U.S.C. § 2254(b)." McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009).

        Here, petitioner is challenging a 2011 conviction from Solano County. He filed a

prior petition, challenging the same conviction, in 2013, case number 2:13-cv-2234-WBS-CMK. This prior petition was dismissed as filed beyond the statue of limitations. (See 2:13-cv-2234, Docs. 30, 32). Judgment was entered on July 10, 2015, and the case was closed. (See 2:13-cv-2234, Doc. 33). Petitioner then appealed this court's decision to the Ninth Circuit Court of Appeals, USCA case number 15-16624. (See 2:13-cv-2234, Docs. 35, 36). The Ninth Circuit denied petitioner's request for a certificate of appealability. (See 2:13-cv-2234, Doc. 39). Petitioner has not provided the court with an authorization from the Court of Appeals to file a second or successive petition. This court therefore lacks jurisdiction to consider the pending petition.

Based on the foregoing, petitioner is required to show cause in writing, within 30 days of the date of this order, why his petition for a writ of habeas corpus should not be summarily dismissed as a second or successive petition filed without authorization. Petitioner is warned that failure to respond to this order may result in dismissal of the petition for the reasons outlined above, as well as for failure to prosecute and comply with court rules and orders. See Local Rule 110.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request for leave to proceed in forma pauperis (Doc. 3) is granted; and

2. Petitioner shall show cause in writing, within 30 days of the date of this order, why his petition for a writ of habeas corpus should not be summarily dismissed as a second or successive petition filed without authorization.

DATED: May 2, 2017

*/s/ Craig M. Kellison*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE