# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SIMON, | No. 2:16-cv-1100-MCE-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION |
| STU SHERMAN, | |
| Respondent. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's petition for a writ of habeas corpus (Doc. 1).

On May 18, 2017, the court issued an order to show cause why this case should not be dismissed as a second or successive petition filed without authorization. On July 20, 2017, petitioner filed a response to the order to show cause. However, as discussed below, petitioner fails to show cause why this action should not be dismissed.

In the order to show cause, the undersigned set forth the following:

> Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it

that the petitioner is not entitled to relief in the district court." In the instant case, it is plain that petitioner is not entitled to federal habeas relief. This is petitioner's second petition for a writ of habeas corpus filed in this court, challenging the same conviction.

Under 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive habeas corpus application . . . that was presented in a prior application shall be dismissed." Under § 2244(b)(2), "[a] claim presented in a second or successive habeas corpus application . . . that was not presented in a prior application shall be dismissed . . ." unless one of two circumstances exist. Either the newly raised claim must rely on a new rule of constitutional law, or the factual predicate of the new claim could not have been discovered earlier through the exercise of due diligence and the new claim, if proven, establishes actual innocence. See id. Before a second or successive petition potentially permissible under § 2244(b)(2) can be filed, the petitioner must first obtain leave of the Court of Appeals. See 28 U.S.C. § 2244(b)(3). In the absence of proper authorization from the Court of Appeals, the district court lacks jurisdiction to consider a second or successive petition and must dismiss it. See Cooper v. Calderon, 274 F.3d 1270 (9th Cir. 2001) (per curiam).

A second petition can only be successive of a prior petition which has been decided on the merits. Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008). Where a prior petition has been dismissed without prejudice for failure to exhaust state court remedies, the dismissal does not result in an adjudication on the merits and a habeas petition filed in the district court after the initial petition was dismissed is not second or successive. See Slack v. McDaniel, 529 U.S. 473, 485-86 (2000). However, a dismissal on statute of limitations grounds "renders subsequent petitions second or successive for purposes of the AEDPA, 28 U.S.C. § 2254(b)." McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009).

Here, petitioner is challenging a 2011 conviction from Solano County. He filed a prior petition, challenging the same conviction, in 2013, case number 2:13-cv-2234-WBS-CMK. This prior petition was dismissed as filed beyond the statue of limitations. (See 2:13-cv-2234, Docs. 30, 32). Judgment was entered on July 10, 2015, and the case was closed. (See 2:13-cv-2234, Doc. 33). Petitioner then appealed this court's decision to the Ninth Circuit Court of Appeals, USCA case number 15-16624. (See 2:13-cv-2234, Docs. 35, 36). The Ninth Circuit denied petitioner's request for a certificate of appealability. (See 2:13-cv-2234, Doc. 39). Petitioner has not provided the court with an authorization from the Court of Appeals to file a second or successive petition. This court therefore lacks jurisdiction to consider the pending petition.

(Order, Doc. 5).

Petitioner responded to the order to show arguing that he is actually innocent,

attempted to file his petition in the correct court, and requesting the court to review the merits of his petition.  Petitioner does not support his claim of actual innocence.  However, even if he had, he simply makes his plea to the wrong court.  As petitioner was informed, as he previously filed a petition for writ of habeas corpus, the petition filed in this action is considered a second or successive petition.  In order to be allowed to file such a petition, he must receive permission from the Ninth Circuit Court of Appeals.  Without that authorization, this court has no jurisdiction to hear the merits of his petition.

Based on the foregoing, IT IS HEREBY RECOMMENDED that petitioner's petition be summarily dismissed, without prejudice, as a second or successive petition filed without authorization.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  February 22, 2018

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE